UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN CAULTON,

        Plaintiff,

vs.

PATRICIA CARUSO, *et al.*,

        Defendants.
                                 /

Case No. 1:07-cv-947

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This matter is now before the court on plaintiff's motions for default judgment against defendants Mary Schiebner (docket no. 17), Amy Haske (docket no. 19) and Michael Haske (docket no. 21). Plaintiff's motions are without merit.

**I.    Discussion**

Entry of a default under Fed. R. Civ. P. 55(a) is a prerequisite to obtaining a default judgment under Fed. R. Civ. P. 55(b). *See Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004). Plaintiff has not obtained an entry of default against any of these defendants. For this reason alone, plaintiff's motions for default judgment fail.

Next, plaintiff cannot obtain an entry of default against defendant Mary Schiebner because she is not a "party" to this action. Under Rule 55(a), the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Defendant Schiebner has not been served with a summons and complaint in this matter. *See* docket no. 28. An unserved defendant is not a "party" to a lawsuit. *See Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847 (10th

Cir. 1986). "[I]f the first procedural step of establishing personal jurisdiction by properly serving a defendant has not been met, the court cannot enter a default order." *Commodities Future Trading Com'n v. Wall Street Underground, Inc.*, 221 F.R.D. 554, 558 (D. Kan. 2004). Accordingly plaintiff's motion for a default judgment against defendant Mary Schiebner should be denied.

Finally, plaintiff is not entitled to an entry of default against defendants Amy Haske and Michael Haske. Plaintiff's action is brought pursuant to the Prison Litigation Reform Act of 1995 . "[U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock*, 127 S.Ct. 910, 920 (2007); 42 U.S.C. § 1997e(g)(1), (2). Here, the court ordered these two defendants to respond by July 30, 2008. They responded by filing a timely motion for summary judgment. *See* docket no. 32. Accordingly, plaintiff's motions for default judgment against defendants Amy Haske and Michael Haske should be denied.

## II. Recommendation

For these reasons, I respectfully recommend that plaintiff's motions for entry of default judgment against defendants Mary Schiebner (docket no. 17), Amy Haske (docket no. 19) and Michael Haske (docket no. 21) be **DENIED**.

Dated:  September 18, 2008                /s/ Hugh W. Brenneman, Jr.
                                          HUGH W. BRENNEMAN, JR.
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).