UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN CAULTON,

    Plaintiff,

v.	Case No. 1:07-CV-947

PATRICIA CARUSO, et al.,	HON. GORDON J. QUIST

    Defendants.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the report and recommendation issued January 26, 2009, in which Magistrate Judge Brenneman recommended that Defendants Michael Haske's and Amy Haske's motion for summary judgment be granted on all claims and that they be dismissed from the case. With regard to Plaintiff's retaliation claim, the magistrate judge concluded that Plaintiff failed to demonstrate the causation requirement for such a claim because Plaintiff filed his grievances after Defendants made the decision to transfer Plaintiff and prisoner Owens. Regarding Plaintiff's equal protection claim, the magistrate judge concluded that, while Defendant Amy Haske treated Plaintiff differently from prisoner Owens by allowing Owens to request only one type of job assignment, Plaintiff has failed to present any evidence showing that Defendant Amy Haske's job assignment decision was motivated by Plaintiff's race. Finally, the magistrate judge concluded that Plaintiff's due process claim fails because Plaintiff has no constitutionally protected property or liberty interest in prison employment or to any particular job.

After conducting a *de novo* review of the report and recommendation, the Court will adopt it in its entirety.

Plaintiff makes several objections, none of which have merit.  First, Plaintiff contends that the magistrate judge had a duty to make sure that Defendant Schiebner, who has not yet been served, was served prior to making any decision on Plaintiff's claims.  The magistrate judge had no such obligation.  Second, Plaintiff contends that the magistrate judge improperly concluded that his retaliation claim lacked merit because Plaintiff filed his grievances prior to being reclassified into his laundry detail position.   Even if Plaintiff is asserting his reassignment to the laundry detail, which did occur after he filed his grievances, as the retaliatory conduct, Defendants have produced evidence showing that Plaintiff would have been reassigned in any event, as the reassignment resulted from the decision to transfer Plaintiff and Owens to different housing units.  Plaintiff has failed to show that his grievances were a substantial factor motivating the decision to reassign him to a different position.

Next, Plaintiff contends that the magistrate judge erred in recommending dismissal of the equal protection claim in light of his conclusion that Defendant Amy Haske treated Plaintiff differently from Owens.  However, Plaintiff points to no evidence refuting the magistrate judge's conclusion that Plaintiff failed to show that such different treatment was motivated by race.  Finally, Plaintiff makes several arguments regarding his due process claim, but they fail show that the magistrate judge erred in recommending the dismissal of this claim.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 26, 2009 (docket no. 42) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 32) is **GRANTED**.


Dated:  March 24, 2009                                /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE